**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ACCO BRANDS USA LLC dba ) <br> KENSINGTON TECHNOLOGY GROUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PC GUARDIAN ANTI-THEFT ) <br> PRODUCTS, INC., ET AL. ) <br> ) <br> ) <br> Defendants. ) | Case No. 06 CV 7102 <br><br> Judge James B. Zagel <br><br> Magistrate Judge Arlander Keys |

## PC GUARDIAN'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,100,403

Defendant, PC Guardian Anti-Theft Products, Inc. ("PC Guardian"), by its attorneys, pursuant to Federal Rule of Civil Procedure 56(a), moves for summary judgment on Plaintiff, ACCO Brands USA LLC's ("ACCO") Complaint due to ACCO's failure to raise a genuine issue of material fact. In support of this Motion, PC Guardian states as follows:

1. Claim 1 of U.S. Patent No. 7,100,403 ("the '403 patent") recites a purportedly novel method for securing a lock to a security slot of a particular size (about 3mm x 7mm), shape (generally rectangular), and location (defined in the wall of a portable electronic device). Dependent claims 2, 4-9, 11-13, 17 and 19 add other features to claim 1 directed at the lock and slot. However, all these claims that ACCO asserted against PC Guardian in this suit are invalid as anticipated, obvious, and indefinite.

2. First, ACCO through its Kensington division sold a product, the Kensington Apple Security System (KASS), used to secure the prior art Macintosh Portable computer against theft. All the lock features recited in claim 1 are taught by KASS. Moreover, all the slot features recited in claim 1 are taught by or are *per se* obvious over a generally rectangular about 3.3mm x 8.25mm slot located on that Macintosh Portable. The two together disclose every element of claim 1, and other asserted claims, therefore rendering those claims invalid as anticipated.

1

3.  Second, the asserted claims are also invalid as obvious, as they are no more than a combination of known elements yielding predictable results. The claims are obvious over Sander, which discloses a prior art lock and cable that secures to a generally rectangular security slot mounted onto a television, portable radio, or office machine in view of the Macintosh Portable slot. Modifying the Sander slot in view of the Macintosh Portable slot is straightforward, and arrives at every limitation of the asserted claims.

4.  Third, the claim term "about 3mm x about 7mm" renders the asserted claims indefinite. Nothing in the specification or prosecution history explains what range is covered by "about 3mm x 7mm," or to delineate what values (if any) between 3mm x 7mm and 3.3mm x 8.25mm (the Macintosh Portable slot dimensions) are covered by the claim. Because one skilled in the art cannot determine the precise measurements for making a slot that avoids infringement of an "about 3mm x 7mm" slot, that term renders the asserted claims indefinite.

5.  As discussed in detail in PC Guardian's supporting Memorandum (filed herewith), and as supported by PC Guardian's Local Rule 56 Statement of Undisputed Facts (also filed herewith), PC Guardian is entitled to summary judgment of invalidity against the asserted claims of the '403 patent.

WHEREFORE, PC Guardian respectfully requests that the Court grant its Motion for Summary Judgment of Invalidity, rendering the '403 patent invalid.

Dated:  November 19, 2008

Respectfully submitted,

By: /s/ Thomas J. Donovan
Thomas J. Donovan
James E. Michel
Barnes & Thornburg LLP
One North Wacker, Suite 4400
Chicago, Illinois  60606-2809
(312) 357-1313; (312) 759-5646 (facsimile)

/s/ John M. McCormack
John M. McCormack
Kolisch Hartwell, P.C.
260 Sheridan Avenue, Suite 200
Palo Alto, California 94306-2009
Telephone: (650) 325-8673
Attorneys for Defendant PC Guardian Anti-Theft Products, Inc.

3

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2008, I caused a true and correct copy of PC GUARDIAN'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,100,403 to be served on the following:

**VIA EMAIL**

Robert Unikel
Deanna Keysor
Howrey, LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
unikelr@howrey.com
keysord@howrey.com

Henry C. Bunsow
Howrey, LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
bunsowh@howrey.com

Daniel J. Vaccaro
Jonathan H. Margolies
Monica M. Riederer
Michael Best & Friedrich LLP
100 E. Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202
djvaccaro@michaelbest.com
jhmargolies@michaelbest.com
mmriederer@michaelbest.com

Jolanda B. Krawczyk
Michael Best & Friedrich LLP
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
jbkrawczyk@micaelbest.com

Attorneys for ACCO Brands, Inc., dba Kensington Technology Group

**VIA EMAIL**

Paul G. Juettner
Gavin James O'Keefe
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, 25th Floor
Chicago, Illinois 60606
pjuettner@gbclaw.net
gokeefe@gblaw.net

Max Moskowitz
Cameron S. Reuber
Ostrolenk, Faber, Gerb & Soffen
1180 Avenue of the Americas
New York, New York 10036-8403
mmoskowitz@ostrolenk.com
creuber@ostrolenk.com

       Attorneys for Defendants Noble Locks Enterprises, Inc.; Warehouse Etc., Inc.; SecuComputer, Inc.; Office Security, Inc.; and Guan Gao Company, Ltd.; and Noble Security, Inc.

       /s/ Thomas J. Romano
       Thomas J. Romano
       KOLISCH HARTWELL, PC
       200 Pacific Building
       520 S.W. Yamhill Street
       Portland, Oregon 97204

       Attorneys for Defendant PC Guardian Anti-Theft Products, Inc