## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | |
|---|---|
| ACCO BRANDS USA, LLC<br>f/k/a ACCO BRANDS, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>NOBLE SECURITY INC., et al,<br><br>            Defendants. | Civil Action Nos.: 03 CV 1820;<br>06-07102, 07-00591<br><br><br><br>Judge Zagel<br>Magistrate Judge Keys |

### DECLARATION OF MAX MOSKOWITZ IN SUPPORT OF ITS
### MOTION FOR SUMMARY JUDGEMENT OF NONINFRINGEMENT

I, Max Moskowitz, declare as follows:

1.        I am an attorney at the law firm of Ostrolenk Faber Gerb & Soffen LLP.  I am authorized and to practice law before all courts in the State of New York and have been admitted to practice *pro hac vice* in this matter.

2.        I am counsel of record for the Defendant Noble Security Inc., ("NSI") in the above-captioned action and make this declaration in support of NSI's Motion for Summary Judgment of Noninfringement submitted herewith.

3.        I am one the attorneys in the investigation and prosecution of this action.  I make the following statements based on my knowledge of this litigation and review of the discovery materials exchanged by the parties in this matter as well as the files available to me at Ostrolenk. As such, I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts as stated.

4.        Attached as **Exhibit A** is a true and correct copy of U.S. Patent No. 5,502,989 ("the '989 patent").

5.      Attached as **Exhibit B** is a true and correct copy of U.S. Patent No. 7,100,403 ("the '403 patent"),

6.      Attached as **Exhibit C** is a true and correct copy of U.S. Patent No. 7,111,479 ("the '479 patent"),

7.      Attached as **Exhibit D** is a true and correct copy of U.S. Patent No. 7,121,125 ("the '125 patent").

8.      Attached as **Exhibit E** is a true and correct copy of the website (as it was published to public by Defendant ACCO Brands USA, LLC on July 3, 2008) via at the following URL: http://us.kensington.com/html/1356.html#5.

9.      Attached as **Exhibit F** are true and correct copies of pages from the May 16, 2008 deposition transcript of Janet Dulsky.

10.     Attached as **Exhibit G** are true and correct copies of pages from the July 17, 2008 deposition transcript of Janet Dulsky.

11.     Attached as **Exhibit H** is a true and correct copy of an Office Action Summary submitted to ACCO by the PTO in connection with the prosecution of the '403 patent (specifically Appl. 10/839,521).

12.     Attached as **Exhibit I** is a true and correct copy of the Declaration of William Murray of June 23, 2005, to the PTO by ACCO in connection with the prosecution of the '403 patent (specifically Appl. 10/839,521).

13.     Attached as **Exhibit J** is a true and correct copy of the Declaration of Janet Dulsky of June 20, 2005, to the PTO by ACCO in connection with the prosecution of the '403 patent (specifically Appl. 10/839,521).

14.     Attached as **Exhibit K** is a true and correct copy of the Reasons for Allowance in the Notice of Allowability submitted to the PTO in connection with the prosecution of the '403 patent (specifically Appl. 10/839,521).

15.     Attached as **Exhibit L** is a true and correct copy of an Office Action Summary submitted to ACCO by the PTO in connection with the prosecution of the '125 patent (specifically Appl. 09/441,142).

16.     Attached as **Exhibit M** is a true and correct copy of the Declaration of William Murray of June 23, 2005, to the PTO by ACCO in connection with the prosecution of the '125 patent (specifically Appl. 09/441,142).

17.     Attached as **Exhibit N** is a true and correct copy of the Reasons for Allowance in the Notice of Allowability submitted to the PTO in connection with the prosecution of the '125 patent (specifically Appl. 09/441,142).

18.     Attached as **Exhibit 0** are true and correct copies of pages from the August 12, 2003 deposition transcript of William Murray.

19.     Attached as **Exhibit P** are true and correct copies of pages from the December 16, 2003 deposition transcript of Janet Dulsky.

20.     Attached as **Exhibit Q** are true and correct copies of pages from the September 5, 2008 deposition transcript of ACCO's technical expert, Dr. Dornfeld.

21.     Based on my review of the totality of the evidence accumulated in this matter, there is substantial evidence of numerous portable electronic devices with slots that are outside the range of Dornfeld's "about" ±10% variation tolerance.

22.     Based on my review of the totality of the evidence accumulated in this matter, all NSI locks accused of infringement by ACCO operate with slot sizes that are 4 mm wide (33% wider in width) and slot lengths as large as 10 or 20 or even 100 mm.

23.     Based on my review of the totality of the evidence accumulated in this matter, there is no evidence that NSI has ever manufactured any device incorporating a security slot of any size – let alone about 3 mm x 7 mm – into one of its walls.

24.     Based on my review of the totality of the evidence accumulated in this matter, there is no evidence in the record that a third-party (i.e. a NSI customer) directly infringed any of ACCO's patents in suit, by combining an NSI lock with a portable electronic device.

25.     Based on my review of the totality of the evidence accumulated in this matter, ACCO has provided no such evidence in its response to NSI's discovery requests seeking disclosure of such infringements, nor in its expert reports, nor even sought to subpoena or depose any NSI customers.

26.     Based on my review of the totality of the evidence accumulated in this matter, ACCO has no evidence that any NSI managing agent (or agent at all) both (1) knew of the patents-in-suit and (2) "knowingly induced infringement and possessed specific intent to encourage another's infringement" using NSI locks.

27.     Based on my review of the totality of the evidence accumulated in this matter, ACCO has no qualified expert opinion or other evidence meeting its burden on the issue of a specific intent by NSI to encourage another to infringe any patent-in-suit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 19th day of November 2009.
New York, New York


Dated:  November 19, 2008                    /s/ Max Moskowitz                               .
                                             Max Moskowitz  (Admitted *Pro Hac Vice*)
                                             Cameron S. Reuber
                                             Ostrolenk, Faber, Gerb & Soffen, LLP
                                             1180 Avenue of the Americas
                                             New York, NY  10036
                                             Phone: 212-382-0700

                                             **Attorney for Noble Security Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2008, I caused a true and correct copy of **DECLARATION OF MAX MOSKOWITZ IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT OF NONINFRINGEMENT** to be served on the following counsel via electronic mail:

Deanna L Keysor
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610
keysord@howrey.com

Daniel J. Vaccaro
Michael Best & Friedrich LLP
180 North Stetson Avenue
Suite 2000
Chicago, IL 60601
djvaccaro@michaelbest.com

**Attorneys for ACCO Brands USA, LLC**

Thomas D. Rosenwein
Gordon, Glickman, Flesch & Rosenwein
140 South Dearborn Street
Suite 404
Chicago, Illinois 60603
trosenwein@lawggf.com

Bradley P. Heisler
Heisler & Associates
3017 Douglas Boulevard
Suite 300
Roseville, California 95661
forinfo@heislerlaw.com

**Attorney for Defendant Cyberguys, Inc.**

Thomas J. Donovan
James E. Michel
Barnes & Thornburg
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
tdonovan@btlaw.com
jmichel@btlaw.com

John M. McCormack
Kolisch Hartwell, PC
260 Sheridan Avenue
Suite 200
Palo Alto, California 94306-2009
john@khpatent.com

Owen W. Dukelow
Michael R. Langer
Elizabeth Tedesco
T.J. Moskowitz
Kolisch Hartwell, PC
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204
dukelow@khpatent.com
langer@khpatent.com
tedesco@khpatent.com
tMoskowitz@khpatent.com

**Attorneys for Defendant PC Guardian Anti-Theft Products, Inc.**

/s/ Cameron S. Reuber                .
Cameron S. Reuber
**Attorney for Noble Security Inc.**