## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | |
|---|---|
| ACCO BRANDS USA, LLC<br>f/k/a ACCO BRANDS, INC., <br><br>        Plaintiff, <br><br>   v. <br><br>NOBLE SECURITY INC., et al, <br><br>        Defendants. | Civil Action Nos.: 03 CV 1820;<br>06-07102, 07-00591 <br><br><br><br>Judge Zagel<br>Magistrate Judge Keys |

## DECLARATION OF MAX MOSKOWITZ IN SUPPORT OF NSI'S MOTION FOR SUMMARY JUDGEMENT OF UNENFORCABILITY FOR INEQUITABLE CONDUCT OF THE PATENTS IN SUIT AND/OR FOR PARTIAL FINDINGS OF FACT

I, Max Moskowitz, declare as follows:

1.     I am an attorney at the law firm of Ostrolenk Faber Gerb & Soffen LLP. I am authorized and to practice law before all courts in the State of New York and have been admitted to practice *pro hac vice* in this matter.

2.     I am lead counsel for a number of the Defendants herein including Noble Security Inc. ("NSI"). I submit this Declaration in connection with NSI's Motion for Summary Judgment of Unenforceability for Inequitable Conduct of the Patents in Suit and/or for Partial Findings of Fact submitted herewith.

3.     In this Declaration, I do not intend to inject myself as a witness on disputed facts, at all. This Declaration is submitted for the limited purpose of authenticating documents, or identifying the source of documents, and generally for the purpose of reproducing the contents of records in various patent application proceedings, based on documents which speak for themselves. Furthermore, in this Declaration I merely identify and state the contents presented in

pleadings such as those filed with the Court or in deposition and trial testimony which relates to the present action.

4.      Attached as **Exhibits 1, 2, 3 and 4** are, respectively, true and correct copies of the U.S. Patent Nos. 5,502,989 ("'989 patent"), 7,100,403 ("'403 patent"), 7,111,479 ("'479 patent"), and 7,121,125 ("'125 patent"). These patents are part of a family of twenty patents and twenty-five patent applications, which are listed in a table of patents and a table of applications which my office has generated based on public records of the United States Patent and Trademark Office.

5.      Attached as **Exhibit 5** is a true and correct copy of printings reproduced from the Internet on the date indicated on the document which are still available today and speak to the dates of introduction of the Apple Mac Portable Model M5120 laptop computer. This Exhibit has been highlighted to emphasize the relied upon information.

6.      Attached as **Exhibit 6** is a true and correct copy of a photograph of an Apple Mac Portable taken off a web site, and providing a photograph of the security slot in the Mac Portable.

7.      Attached as **Exhibit 7** is a true and correct copy of a pair of receipts reflecting purchases by my office of two Mac Portable computers.

8.      Attached as **Exhibit 8** is a true and correct copy of a photograph taken by my office of a caliper measuring the length of the security slot in the Mac Portable.

9.      Attached as **Exhibit 9** is a true and correct copy of four design patents issued to Apple Inc., including a prosecution history of Figure 7 for one of the patents. The Apple patents list on their first page their date of application as January 23, 1989.

10.      The face pages of **Exhibits 1, 2, 3 and 4** list the inventors, and all include William Murray as a co-inventor.

11.     I have read trial testimony and deposition testimony of Mr. Murray in which he testifies that he was familiar with the Mac Portable as early as 1990. He was in charge of research and development and knew of Kensington's (now a division of ACCO) "Apple Security Kit" which included a "wire loop," and which was marketed by Kensington to fit the Mac Portable security slot.

12.     I have reviewed a massive amount of documents produced by ACCO in this litigation and have not seen any document or testimony which reflects ACCO's or Kensington's redesign of the wire loop for the Mac Portable so as to accommodate a purported "shrunken size" security slot in 1992.

13.     I have read the May 2004 trial transcript which reflects testimonies given by William Murray and Dr. David Dornfeld at a trial between the present Plaintiff ACCO and another defendant referred to herein as "Belkin."

14.     The attached **Exhibits 1-4** show that each of the independent claims in the '403 and '125 patents includes a recitation of a slot size of about 3 x 7 mm. Independent claim 13 of the '989 patent also includes that limitation and independent claim 8 of the '479 patent includes the slot size limitation of 7 mm.

15.     Attached as **Exhibit 10** is a true and correct copy of a summary of an interview with the Examiner conducted with the Examiner and ACCO's patent counsel, Mr. Jewik on March 11, 2005.

16.     Attached as **Exhibit 11** is a true and correct copy of a prosecution history document excerpts relating to declarations submitted by ACCO's Murray and Dulsky and a related Notice of Allowability.

17.     Attached as **Exhibit 12** is a true and correct copy of a Spanish language presentation that indicates that it was prepared by Kensington and proclaims that Kensington

invented the security slot in 1991. Similar documents were presented by ACCO and annexed to declarations submitted to the Patent Office by Mr. Murray and Miss Dulsky.

18.     Attached as **Exhibit 13A** and **13B** are true and correct photographs submitted in connection with this Motion showing Noble lock models NS-20 and NG-34 (which are identical to the commercial product except for having slightly elongated pins and T-bar members) which have been successfully secured to the Mac Portable security slot in a manner identical to the way these locks are used with other computers. Also attached as **Exhibit 13C** and **13D** are photographs showing these same locks attached to a conventional security slot in a DELL® display monitor in my office (Model No. 1708FPt).

19.     In the same manner as in the previous paragraph, the MicroSaver lock sold by ACCO can be adapted to fit in the Mac Portable security slot. I have taken the deposition of Darryl Igelmund of ByteBrothers and he has provided me with a ByteBrothers lock which has been asserted to be infringing on the '989 patent in this lawsuit. That ByteBrothers lock has been secured to the Mac Portable security slot in my office and a true and correct photo thereof is attached as **Exhibit 13E** hereto.

20.     Attached as **Exhibit 14** hereto is an excerpt from a related prosecution history in which the document on its face shows that Mr. Jewik argued against the relevance of the so-called "Wilson round hole." The document states that Wilson shows a hole not a slot.

21.     Attached as **Exhibit 15** hereto is an internet-posted document which discusses the pressure imposed on Examiners to meet quarterly "production goals."

22.     Attached as **Exhibit 16** hereto are excerpts from prosecution history documents, reflecting Patent Examiners' awareness of only round, circular or "ventilation slots."

23.     Attached as **Exhibit 17** hereto, is a true and correct copy of an Apple Security Kit market literature distributed by ACCO which I obtained as part of ACCO's production in this

litigation and from ACCO's prosecution history file in the United States Patent and Trademark Office. This document does not actually show the Mac Portable security slot, nor does it depict its shape or its dimension.

24. **Exhibits 1, 2, 3 and 4** show on their face pages that they are all continuations of a prior continuation-in-part application.

25. Attached as **Exhibit 18** hereto is a copy of U.S. patent 6,000,251 which matured from the '634 application filed October 15, 1993. A comparison of the '251 patent to U.S. Patent No. 5,381,685 which is based on the disclosure in the '964 Application shows that this CIP application disclosed for the first time Figures 14-27 and the accompanying description on October 15, 1993. Those Figures and their descriptions are not found in the original parent application and the original '964 patent application

26. Based on the "continuation" date on the face pages of the patents in suit, and the application table annexed hereto as **Exhibit 19**, it is seen that the CIP invention date for the '989, '479 and '125 patents is October 15, 1993 based on a claim of priority to '634 Application. The CIP invention date for the '403 patent is not earlier than June 7, 1995 based on the filing date of application number 08/485,518 (the "'518 Application"). Also attached as **Exhibit 20** is table reflecting the 20 issued patents.

27. The patent application data shown in **Exhibit 19** hereto shows that there is a break in the chain of copendency for the '403 patent between the application filed on June 7, 1995 and the prior application.

28. Claim 3 of the '403 patent recites that the pin is inserted "after" the locking member is moved to the "locked position."

29.     Attached as **Exhibit 21** hereto contains excerpts of Dr. Dornfeld's testimony to the effect that this after inserted pin feature was "new matter" relative to the original patent disclosure of January 24, 1992.

30.     The patent prosecution files of the patents in suit do not show either Dr. Dornfeld's aforementioned testimony nor any disclosure of the sale of any MicroSaver lock starting April 20, 1992.

31.     Attached as **Exhibit 22** hereto is a true and correct copy of an online reproduction of a trademark record which shows the registration for the name MICROSAVER, in which Kensington submitted a statement to the United States Patent and Trademark Office that the MICROSAVER trademark was used on locks since April 20, 1992. The MicroSaver lock embodies the lock construction shown in Figures 2 and 11-13B of the original '964 Application and is sized to closely fit a security slot shown in Figures 5, 7 and 9 of that application.

32.     The face page of the '251 patent shows that its application was pending from October 15, 1993 to December 14, 1999. The prosecution history of that patent shows that during this period of its pendency ACCO did not disclose the existence of any MicroSaver locks and that the resulting patent claims are directed to configurations which were not described in the original '964 patent application. See Exhibit 18.

33.     The prosecution history of the '634 Application reflects that the claims of the '251 patent correspond to the embodiment of Figure 16.

34.     The embodiment of Figure 16 is new matter and is not entitled to the original invention date of January 24, 1992.

35.     The '989 patent shows on its face page that it is a divisional application of the '634 patent application. The Federal Circuit decision in a related litigation reflects that the '989

patent is not entitled to any invention date of January 24, 1992. A true and correct copy of the decision is attached as **Exhibit 23**.

36. The face page of the '989 patent shows that it was prosecuted from September 16, 1994 to April 2, 1996 and that no sales of any ACCO locks were disclosed in that patent prosecution.

37. The '989 patent reflects the reexamination thereof from February 4, 1997 to April 14, 1998. The April 1992 MicroSaver lock sales were not disclosed during that first reexamination.

38. The '989 patent was reexamined a second time during the period of September 24, 2004 to May 1, 2007. During the second reexamination, a so-called Kensington MicroSaver computer lock box and literature bearing a copyright date notice of 2001 was submitted. Exhibit 32.

39. In the second reexamination of the '989 patent, a second ACCO box literature was submitted in December 2005 bearing a copyright notice date of February 1992.

40. The prosecution history of the '403 patent reflects the disclosure of a MicroSaver packaging literature bearing a copyright notice date of 2001 and another disclosure bearing a copyright notice of 1992, respectively filed in September and December of 2005. The second submission was after an issuance of a Notice of Allowance and almost two years after the May 4, 2004 application date for the '403 patent. The prosecution history reflects the submission by ACCO of hundreds of other documents which ACCO requested to be made of record accompanied by a cover page cautioning the Examiner that the submitted documents are not to be assumed to be prior art.

41.    The record of patent prosecution for the '479 patent which was filed March 13, 2001 shows that ACCO delayed for close to five years until September and December 2005 to submit the aforementioned Kensington MicroSaver packaging literature.

42.    The prosecution file and face page of the '125 patent shows that it was filed November 12, 1999 and that ACCO delayed a full six years before it submitted in September 2005 the MicroSaver packaging bearing the 2001 copyright notice date. ACCO never did submit the same packaging bearing a 1992 copyright notice date.

43.    Some of the '125 patent claims (1-7) recite "a retractable inhibiting member." The drawings and the written description of the original '964 Application do not show a "retractable inhibiting member" which is retractable "relative to the claimed slot engagement member."

44.    The prosecution histories of the patents in suit reflect several attempts to apply against the CIP application disclosure of the '685 patent pursuant to 35 U.S.C. §102(e) or 35 U.S.C. §102(g). See Exhibit 16, including a collection of pages from the various prosecutions.

45.    The ACCO lock box literature was one among hundreds of documents submitted by ACCO for consideration. See the list of prior art in Exhibits 1-4.

46.    The original contents of the '964 Application were published in Europe on August 5, 1993 as the PCT '295 document. The PCT '295 document was not disclosed during the prosecution of the patent application which ultimately issued as the '989 patent on April 2, 1996, nor during the subsequent first reexamination of the '989 patent and was only eventually disclosed during the second reexamination in late 2005. The same document was never disclosed in the prosecution of the '634 Application. A true and correct copy of the PCT '295 document is attached as **Exhibit 24**.

47.     Attached as **Exhibit 25** hereto, previously mentioned, reflects the prosecution by ACCO of a complex web of at least twenty-five related applications, which produced at least twenty patents as noted in the aforementioned tables.

48.     The aforementioned tables reflect that the '403 patent is part of an application chain which includes items 17, 12, 5, 4 and 1.

49.     The application table (Exhibits 18-19) reflects that the '634 Application is the first in the series to show embodiments where a "pin" is inserted in the security slot after the locking member (T-bar) has been moved to the locked position.  The application chain for the '403 patent does not include the '634 Application and first contains Figures 14-27 in the '518 Application filed June 7, 1995.

50.     In the prosecution file of the '403 patent, ACCO canceled one of the allowed claims to avoid having to name Gary Myers as an inventor. See Exhibit 16.

51.     William Murray stated at the deposition that he is comfortable that he is not an inventor on the '685 patent, despite that that patent contains claims that do recite a "cable." Steward Carl and Arthur Zarnowitz are consistently listed as the inventors on all of the patents in the table.

52.     Attached as **Exhibit 27** hereto contains excerpts from a William Murray deposition dated August 12, 2003 with pertinent passages highlighted.

53.     Attached as **Exhibit 28** hereto contains excerpts from deposition transcript of Stewart Carl and Arthur Zarnowitz, with pertinent sections highlighted.

54.     I reviewed the Belkin transcript to that effect.

55.     Attached as **Exhibit 29** hereto is a true and correct copy of a litigation listing previously attached to a expert report submitted by expert Max Shaftel.

56.     The prosecution histories of all of the patents-in-suit do not reflect the disclosure in the form of specific listings (citations) of various litigations involving any of the patents in the patent family.

57.     Attached as **Exhibit 30** hereto is a true and correct copy of a declaration submitted by patent attorney Jewik in connection with this litigation and a motion by PCG for summary judgment of inequitable conduct.

58.     Attached as **Exhibit 31** hereto is a copy of a July 2005 letter by Michael Folise which was discussed at a deposition of ByteBrothers' president, Darryl Igelmund, earlier this year.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 19 day of November 2009.
New York, New York

Dated:  November 19, 2008              /s/ Max Moskowitz
                                       Max Moskowitz  (Admitted *Pro Hac Vice*)
                                       Cameron S. Reuber
                                       Ostrolenk, Faber, Gerb & Soffen, LLP
                                       1180 Avenue of the Americas
                                       New York, NY  10036
                                       Phone: 212-382-0700

                                       **Attorneys for Noble Security Inc.**

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2008, I caused a true and correct copy of **DECLARATION OF MAX MOSKOWITZ IN SUPPORT OF NSI'S MOTION FOR SUMMARY JUDGEMENT OF UNENFORCABILITY FOR INEQUITABLE CONDUCT OF THE PATENTS IN SUIT AND/OR FOR PARTIAL FINDINGS OF FACT**, to be served on the following counsel via electronic mail:

Deanna L Keysor
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610
keysord@howrey.com

Daniel J. Vaccaro
Michael Best & Friedrich LLP
180 North Stetson Avenue
Suite 2000
Chicago, IL 60601
djvaccaro@michaelbest.com

**Attorneys for ACCO Brands USA, LLC**

Thomas D. Rosenwein
Gordon, Glickman, Flesch & Rosenwein
140 South Dearborn Street
Suite 404
Chicago, Illinois 60603
trosenwein@lawggf.com

Bradley P. Heisler
Heisler & Associates
3017 Douglas Boulevard
Suite 300
Roseville, California 95661
forinfo@heislerlaw.com

**Attorney for Defendant Cyberguys, Inc.**

Thomas J. Donovan
James E. Michel
Barnes & Thornburg
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
tdonovan@btlaw.com
jmichel@btlaw.com

John M. McCormack
Kolisch Hartwell, PC
260 Sheridan Avenue
Suite 200
Palo Alto, California 94306-2009
john@khpatent.com

Owen W. Dukelow
Michael R. Langer
Elizabeth Tedesco
T.J. Moskowitz
Kolisch Hartwell, PC
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204
dukelow@khpatent.com
langer@khpatent.com
tedesco@khpatent.com
tMoskowitz@khpatent.com

**Attorneys for Defendant PC Guardian Anti-Theft Products, Inc.**

/s/ Cameron S. Reuber
Cameron S. Reuber
**Attorney for Noble Security Inc.**