UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| ACCO BRANDS USA, LLC<br>f/k/a ACCO BRANDS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NOBLE SECURITY INC., and<br>GUAN GAO CO., D/B/A POLOX CO., LTD.<br><br>Defendants. | Civil Action Nos.: 03 CV 1820;<br>06-07102, 07-00591<br><br><br>Judge Zagel<br>Magistrate Judge Keys |

### DECLARATION OF DARIUS A. POVILAITIS IN SUPPORT OF NSI'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON INVALIDITY

I, DARIUS A. POVILAITIS, hereby declare as follows:

1. I have been retained by Noble Security, Inc. ("NSI") as a technical expert for my understanding of the field of locking device technologies. I have previously provided an expert report for this action.

2. It is my opinion and belief that the model of a representative lock embodiment of the Sander '183 patent presented in depictions before this Court accurately reflects the gist of the disclosure and teachings of the Sander '183 patent.

3. I am aware and have knowledge of the Apple Security System and it is my opinion and belief that the Apple Security System possesses all of the claim limitations of '403 patent claims 1, 4, 7, 14 and 17, including that the Apple Security System has a cable coupled to the lock, is used for securing portable electronic devices, such as computers, includes a padlock and the locking member may be actuated by a key. Thus, it is my opinion and belief that the Apple Security System anticipates claims 1, 4, 7, 14 and 17 of the '403 patent.

{00980454.1}



4. I am familiar with Igelmund U.S. Patent No. 6,227,017 and it is my opinion and belief that the Iglemund patent discloses and teaches a locking method wherein a pin extends into a security slot after the locking member has moved to a locked position. Thus, it is my opinion and belief that the Igelmund '017 patent anticipates claim 3 of the '403 patent.

5. I have been informed that the '403 patent, unlike the other asserted patents, is entitled only to an earliest priority date of June 7, 1995, for lack of copendency in the priority chain of applications stated on the front page of that patent. Based on this understanding, it is further my belief and opinion that the Iglemund '017 patent discloses and teaches the full set of elements for each of '403 patent claims 1-13 and anticipates all claims for the '403 patent only.

6. I am familiar with the Microsaver lock as that product was sold in 1992 and it is my opinion and belief that the Microsaver lock discloses and teaches all of the elements of '403 patent claims 1-19.

7. I am familiar with the Apple Macintosh Model 5120 portable computer. This model of portable computer features a security slot to facilitate locking the computer to other less-portable objects, including desks or other office furniture. I am aware that the security slot dimensions for the Mac portable computer have been measured to be about 3.3mm x 8.3mm. In considering the state of the art in locking device technology as of 1992, to the best of my knowledge and belief 3.3mm x 8.3mm would render obvious a slot of "about 3mm x about 7mm."

8. In the field of locking device technologies as of 1992, there was no particular specific industry meaning to the term "about." To my understanding, one working in the field in 1992 might plausibly interpret the term "about" to be used to allow for manufacturing tolerances (manufacturing imprecisions) in constructing security slots of such small size, and I might accept

{00980454.1}



such use of the term "about" in that sense. However, anyone working in the field in 1992 would not understand "about 3mm x about 7mm" to refer to an intended design for manufacture of anything other than exactly 3mm x 7mm, within manufacturing tolerances, unless otherwise specified.

9. Further to the best of my knowledge and belief, there was and is no functional difference in using locks to lock a computer with a security slot size of 3.3mm x 8.3mm as there is in using locks to lock a computer with a security slot size of 3mm x 7mm.

10. I am aware and have knowledge of the Sander '183 patent, and it is my opinion and belief that the Sander patent discloses, suggests and teaches all of the claim limitations of '403 patent claims 1-19, including: that the Sander patent discloses use of a lock with a portable electronic device with a security slot for receiving a lock, an attachable lock with a T-bar and pin structure, a locking member rotating to a locked position, the inclusion of a cable coupled to the locking member, and the cable loops or wraps around an object that the portable electronic device is secured to so as to localize the portable electronic device to that object. Therefore, the Sander '183 patent renders all of the claims obvious to one practicing in the field of locking device technologies in 1992. Thus, it is my opinion and belief that the Sander '183 renders obvious claims 1-19 of the '403 patent.

11. I was involved in the design, manufacture and sale of the Lasso Lock device, true and accurate depictions of which are provided hereto as Exhibit A, and it is my opinion and belief that the Lasso Lock device discloses, suggests and teaches all of the claim limitations of '403 patent claims 1-19, including: that the Lasso Lock device discloses use of a lock with a portable electronic device with a security slot for receiving a lock, an attachable lock with a T-bar and pin structure, a locking member rotating to a locked position, the inclusion of a cable

{00980454.1}



coupled to the locking member, and the cable loops or wraps around an object that the portable electronic device is secured to so as to localize the portable electronic device to that object. Therefore, the Lasso Lock device renders all of the claims obvious to one practicing in the field of locking device technologies in 1992. Thus, it is my opinion and belief that the Lasso Lock renders obvious claims 1-19 of the '403 patent.

12. I am aware and have knowledge of the Schou '937 patent in combination with other relevant prior art, and it is my opinion and belief that the Schou patent discloses and teaches many of the claim limitations of the '403 patent claims, including: that it discloses pins proximate to the locking (T-bar) member extending into the security slot <u>after</u> the locking member has moved to a locked position as per '403 patent claim 3. As such, Schou, in view and in combination with the prior art, renders claim 3 obvious to one practicing in the field of locking device technologies as of 1992. Thus, it is my opinion and belief that the Schou '937 patent in view and in combination with the prior art renders obvious claims of the '403 patent, including '403 patent claim 3.

13. I am aware and have knowledge of the Kurtzon '208 patent in combination with other relevant prior art, and it is my opinion and belief that the Kurtzon patent discloses and teaches many of the claim limitations of the '403 patent claims, including: that it discloses that at least part of the locking (T-bar) member is disposed between a pair of pins in the attachment mechanism. The Kurtzon '208 patent, taken in combination with the prior art, would render the '403 claims obvious to one practicing in the field of locking device technologies as of 1992. Thus, it is my opinion and belief that the Kurtzon '208 patent renders obvious claims of the '403 patent, including '403 patent claim 16.

{00980454.1}



14. It is my opinion and belief that the then-available prior art renders obvious each of claims 1-19 of the '403 patent.

15. It is my opinion and belief that the disclosure and teachings of the Mac portable computer, the Sander '183 patent (and/or the Lasso Lock) and the Schou '937 combined together render obvious each of claims 1 and 8 of the '125 patent.

16. It is further my opinion and belief that the Mac portable computer, the Sander '183 patent (and/or the Lasso Lock) and the Schou '937 patent combined together teach, suggest and disclose all of the elements of claims 2-7 of the '125 patent, including a slot engagement member that rotates when moving between an unlocked and locked position, a slot engagement member that is complementary to preselected dimensions of the security slot, a key lock proximate to the slot engagement member, and a retractable inhibiting member that exnteds through the security device housing. Thus, it is my opinion and belief that these references serve to render obvious each of claims 2-7, as well as claims 1 and 8, of the '125 patent.

17. It is my opinion and belief that the Mac portable computer, the Microsaver lock and the Schou '937 patent combined together teach, suggest and disclose claims 1, 10 and 13 of the '989 patent, including such aspects as: a pin that extends into the security slot after the slot engagement member is in the locked position to inhibit rotation of the slot engagement member to the unlocked position, a portable electronic computer with a security slot, a locking member having a peripheral profile complementary to preselected dimensions of the security slot, a security slot having dimensions of about 3mm x 7mm, and a cable for securing a portable electronic computer to an object other than the computer housing. Thus, it is my opinion and belief that these references taken in combination render obvious claims 1, 10 and 13 of the '989 patent.

{00980454.1}



18. It is my opinion and belief that the Mac portable computer, the Microsaver lock and the Schou '937 patent combined together teach, suggest and disclose claims 2, 3, 8 and 12 of the '989 patent, including such aspects as: a pin reaching beyond the wall of a portable electronic device to be locked, a spindle incorporating a pin adapted for insertion in the lock housing cavity to inset the pin into the security slot, and T-shaped locking member. Thus, it is my opinion and belief that these references taken in combination render obvious claims 2, 3, 8 and 12, as well as claims 1, 10 and 13, of the '989 patent.

19. It is my opinion and belief that the Sander '183 patent and/or separately the Lasso Lock teach and disclose every limitation of each of claims 1, 2, 4-7 and 21-24 of the '479 patent, including: a portable electronic device with an external wall with a generally rectangular slot, a slot engagement member and pin structure capable of insertion into the security slot and a cable as part of the locking system wherein the cable comprises a closed loop at one end and wherein the attachment mechanism is adapted to pass through the closed loop and then attach to the portable electronic device via the security slot. Thus, it is my opinion and belief that each of the Sander '183 patent and the Lasso Lock individually anticipates claims 1, 2, 4-7 and 21-24 of the '479 patent.

20. It is my opinion and belief that the Mac portable computer, the Sander '183 patent, the Lasso Lock device, the Schou '137 patent, the Kurtzon '208 patent and/or the Apple Security System combined together teach, suggest and disclose each and every claim of the '479 patent, including such aspects as: a portable electronic device with an external wall with a generally rectangular security slot, a slot engagement member and pin structure capable of insertion into the security slot, a cable as part of the locking system that comprises a closed loop at an end and wherein the attachment mechanism is adapted to pass through the closed loop and

{00980454.1}



then attach to the portable electronic device via the security slot, a security slot with parallel sides and rounded corners, a key lock, and a slot engagement member as part of a spindle. Thus, it is my opinion and belief that these references combined together render obvious claims 1-24 of the '479 patent.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: *Nov. 19, 2008*

_____
DARIUS POVILAITIS

{00980454.1}